**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **TREMAIN HOGAN,** ) | **CASE NO. 1:20 CV 1496** |
| ) | |
| Plaintiff, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| v. ) | |
| ) | |
| **ASHLEY LUCAS,** *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| ) | |
| **Defendants.** ) | |

**Background and Allegations**

*Pro se* plaintiff Tremain Hogan, an Ohio prisoner currently incarcerated in the Madison Correctional Institution, has filed a civil rights complaint under 42 U.S.C. § 1983 against two nurses (Ashley Lucas and Nurse Lovlyn) and two corrections officers (Officers Hoen and Valentine) at the Mansfield Correctional Institution where he was previously incarcerated. (Doc. No. 1.) Seeking monetary relief, he contends the defendants violated his rights under the Eighth Amendment by interfering with his asthma medication and refusing him medical care from June 28th to July 7, 2018.

The plaintiff alleges Officers Hoen and Valentine "interfered with" his asthma medication by placing his inhalers with his other personal property in a pack up when they transferred him to restrictive housing for suicide watch on June 28, 2018. (*Id.* at 5, ¶ D; 7, ¶ C.) He alleges he "advised" the officers he had asthma and wanted to retrieve the inhalers. (Doc. No. 1-2 at 1, ¶ 2.) In response, the officers called the infirmary and were told to tell the plaintiff to put in a request to see a nurse at sick call. (*Id*.) The plaintiff complains the officers "would

not allow [him] to write a request form due to [his] being in restrictive housing." (*Id.*)

He further alleges he was "able to tell Nurse Lovlyn" during pill call "between June 28th-July 1st" that he needed his inhalers for shortness of breath and difficulty breathing, but she also told him he had to put in a request for sick call in order to get the inhalers out of pack up and that there was nothing else she could do. (*Id.* at ¶ 3.)

He alleges that as a result of being without his inhalers, he fell and hit his head in his cell due to dizziness and shortness of breath on July 4th. (*Id.* at 2, ¶ 4.) He alleges that Nurse Ashley Lucas, who responded to this emergency, did not adequately assess his condition or provide him pain or other medication. He asserts that Lucas merely checked his blood pressure through the food door trap and left him in his cell after asking the corrections officers whether she should take him out and they responded that "he look[ed] fine." (*Id.*)

Prison medical records submitted with the plaintiff's complaint report that the plaintiff told Lucas during this encounter that he "fell and hit [his] head" but, other than a small contusion of the left side of the plaintiff's forehead, she observed no other injuries and that the plaintiff's respirations were even and unlabored. And according to the prison records, he was encouraged to rest and apply compresses and report to medical if he developed any headaches or dizziness. (*See* Doc. No. 1-8.)

The plaintiff alleges that on July 7, 2018, three days after this fall, another RN saw that he was in distress and sent him to the infirmary, where he received a nebulizer treatment, ice, and pain medications. (*See* Doc. No. 1-2 at 2, ¶¶ 5-6; 5, ¶ 5.)

Asserting that he continues to suffer pain to his head, neck, and knee, he contends the defendants violated his rights by failing to provide him his inhalers and adequate medical care

-2-

from June 28th to July 7, 2018. (*See* Doc. No. 1 at 5-6.)

## Standard of Review and Discussion

The Court has granted the plaintiff's motion for leave to proceed *in forma pauperis* by separate order. Accordingly, his complaint is now before the Court for initial screening under 28 U.S.C. § 1915(e)(2)(B). That statute requires district courts to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010).

Although *pro se* pleadings are liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the lenient treatment accorded *pro se* litigants "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). To survive a dismissal for failure to state a claim under § 1915(e)(2)(B), a *pro se* "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under § 1915(e)(2)(B) for failure to state a claim). A complaint "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Upon review under this standard, the Court finds that the plaintiff's complaint fails to allege a plausible Eighth Amendment claim.

The Eighth Amendment forbids prison officials from acting with "deliberate indifference" toward an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Horn by Parks v. Madison Cty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994) ("Where prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment.").

In order to state a claim, a prisoner must demonstrate both objective and subjective components. He must demonstrate that his medical condition posed a "substantial risk of serious harm" to him, *and,* that the defendant in question acted with subjective deliberate indifference to that risk. *See Farmer v. Brennan*, 511 U.S. 825 (1994).

"Deliberate indifference is characterized by obduracy or wantonness – it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). In the medical context, the Supreme Court has emphasized that "an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Id.*, citing *Estelle*, 429 U.S. at 105–06.

Thus, to demonstrate the required subjective element of a deliberate indifference claim, a "plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001), citing *Farmer*, 511 U.S. at 837. *See also Jones v. Muskegon Cty*., 625 F.3d 935, 941 (6th Cir. 2010) (to prove the subjective element, a plaintiff must show that the prison

official in question "(1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk").

Even assuming that the plaintiff had an objectively serious medical need or needs during the June 28 through July 7, 2018 time frame, his allegations do not support plausible inferences that any of the defendants had the requisite subjective state of mind necessary to demonstrate constitutional deliberate indifference.

The plaintiff complains that Officers Hoen and Valentine placed his inhalers with his other personal property in his pack up (per prison protocol) upon moving him to restrictive housing on June 28, 2018, and he asserts he "advised" them he had asthma and wanted to retrieve the inhalers.  But he has not alleged facts supporting a plausible inference that either of the officers subjectively perceived or drew an inference that the plaintiff in fact faced a serious risk of harm to his health without immediately receiving the inhalers or obtaining other medical assistance.  The  plaintiff himself alleges that the officers in fact took action with respect to his requests.  They informed the infirmary he wanted his inhalers and were told that the plaintiff would have to put in a request for nurse sick call.  Although the plaintiff asserts he was unable to put in such a request, the facts he alleges do not plausibly suggest that the defendant officers were "deliberately indifferent" to a serious medical need he had within the meaning of the Eighth Amendment.

Likewise, the plaintiff's allegations do not support plausible inferences that defendants Lovlyn and Lucas were "deliberately indifferent" to a serious medical need.  Although the plaintiff alleges he informed Lovlyn he had asthma and wanted his inhalers for difficulty

breathing during pill call between June 28 and July 1, 2018, and informed Lucas on July 4th that he was asthmatic and had fallen and injured himself as a result, the plaintiff's assertions alone do not support plausible inferences that either of these nurses actually found his complaints valid from a medical perspective, or that they otherwise subjectively perceived him to be in distress or in need of medical treatment. Prison medical records the plaintiff has attached to his complaint indicate that prison medical staff has found complaints the plaintiff has made regarding his health inconsistent with his physical condition on a number of occasions. (*See* Doc. Nos. 1-9 through 1-11.) It is well established that a prisoner's disagreement with the level of treatment he receives does not rise to the level of a constitutional violation. *See Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008); *see also Moses v. Coble*, 23 F. App'x 391, 392, 2001 WL 1450705, at *1 (6th Cir. 2001) (a complaint reflecting that prisoner was dissatisfied with the decision of prison doctor and nurses to respond to his back pain with over the counter medications did not implicate Eighth Amendment concerns). An official's disbelief of a prisoner's illness also does not demonstrate deliberate indifference. *See Weaver v. Shadoan*, 340 F.3d 398, 411-12 (6th Cir. 2003) (police officer's belief that pretrial detainee was faking an illness does not support an inference that the officer acted with deliberate indifference).

Even assuming the defendant officers and nurses in this case were somehow wrong or negligent in assessing the plaintiff's condition in the encounters they had with him between June 28th and July 7, 2018, such classic negligence or medical malpractice does not state a claim for deliberate indifference under the Eighth Amendment. *See Estelle*, 429 U.S. at 106-107; *Miller v. Calhoun Cty.*, 408 F.3d 803, 813 (6th Cir. 2005) ("[d]eliberate indifference

requires a degree of culpability greater than mere negligence").

The plaintiff's complaint on its face indicates that prison medical staff responded to his complaints of breathing and other problems on July 7, 2018, when a prison nurse subjectively assessed the plaintiff's condition to warrant treatment. But his complaint does not set forth allegations from which one can plausibly infer that the defendants were aware of, and consciously disregarded, a serious excessive risk to his health prior to that time. Accordingly, his complaint fails to state a plausible claim of constitutional deliberate indifference. *See e.g., Piatt v. Collins*, Case No. 1: 08 CV 415, 2010 WL 5019419, \*2 (S. D. Ohio Oct. 19, 2010) (an allegation that a prison health care administrator refused to do anything about the plaintiff's complaints of pain "is tantamount to an unadorned 'the-defendant-unlawfully-harmed-me accusation' prohibited by *Iqbal*"), R&R *adopted*, 2010 WL 4976847 (S.D. Ohio Dec.1, 2010).

### Conclusion

For the foregoing reasons, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] In light of this dismissal, the plaintiff's motion for appointment of counsel (Doc. No. 3) is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                               DAN AARON POLSTER
                                               UNITED STATES DISTRICT JUDGE

---

[1] This dismissal is without prejudice to any state law negligence or medical malpractice claims the plaintiff may properly assert in state court on the alleged facts.